UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UTICA LEASECO, LLC and IHOP LEASING
L.L.C., d/b/a Omega Leasing, L.L.C.,

                                    Plaintiffs,

        v.                                                08-cv-01015

MICHELEX CORPORATION,

                                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

**I.        FACTS**

        On or about August 4, 2006, Defendant executed an Equipment Lease Agreement

(the "Agreement"), by which it agreed to make sixty monthly payments to Plaintiffs for the

rental of certain equipment.  Defendant defaulted under the terms of the Agreement.  The

parties then entered into a Forbearance Agreement dated October 8, 2007 under which

Defendant was to cure its default and continue to make monthly payments in accordance

with the original Agreement.  Defendant failed to make the requisite payments under the

terms of the Agreement and the Forbearance Agreement (collectively referred to as the

"Agreements").  Pursuant to the Agreements, upon default, Plaintiffs have the right to

accelerate payment and repossess the leased items.  Plaintiffs requested that the leased

equipment be returned.  Defendant has failed to return the equipment.  The amount owed to

Plaintiffs as of December 31, 2008 is $1,011,506.99, inclusive of interest through December 31, 2008.

Plaintiffs commenced the instant action seeking to recover the amounts owed under the Agreements and possession of the leased equipment.  Plaintiffs move for summary judgment seeking damages and possession of the equipment.  Defendant filed an Answer to the Complaint, but failed to respond to the motion for summary judgment.  The time for filing opposition papers has passed.  See Dkt entry advising that "Response to Motion due by 4/24/2009"; Dkt. 15 ("Response papers are due 4/24/09.").

## II.      STANDARD OF REVIEW

In addressing the pending motion, the Court will apply the familiar summary judgment standard, which need not be restated here.  See SCR Joint Venture L.P. v. Warshawsky, 559 F.3d 133, 137 (2d Cir. 2009).  Although Defendant has failed to respond to the motion, the Court has reviewed the motion, together with the submitted affidavits and exhibits, to assess whether Plaintiffs have fulfilled their burden of demonstrating that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. See Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co., 373 F.3d 241, 244 (2d Cir. 2004).

## III.     DISCUSSION

Plaintiffs' submissions evidence that: (1) the parties entered into an enforceable contract for the lease of certain items; (2) the contract provided for the acceleration of payments and possession of the leased equipment upon default;(3) Defendant defaulted on its payment obligations to Plaintiffs; and (4) the total amount due and owing to Plaintiffs as of

December 31, 2008 is $1,011,506.99.[1] Thus, the record evidence sufficiently demonstrates

the absence of a triable issue of fact on the issues of liability and damages.  Accordingly,

Plaintiffs are entitled to judgment in the amount of $1,011,506.99 plus additional interest

accruing from December 31, 2008 and possession of the Leased Equipment.

## IV.      CONCLUSION

Plaintiffs' motion for summary judgment is GRANTED and they are entitled to: (1)

judgment in the amount of $1,011,506.99 plus additional interest accruing from December

31, 2008 through the date of the judgment; and (2) possession of the Leased Equipment.

Plaintiffs shall submit to the Court a proposed Order of Seizure.

IT IS SO ORDERED.

Dated:April 30, 2009

_____

Thomas J. McAvoy
Senior, U.S. District Judge

---

[1]In its unverified Answer, Defendant contends that Plaintiffs failed to credit it with certain payments it made.  See Answer at ¶¶ 13, 29, 34 (and exhibits annexed thereto).  While this could create a question of fact as to Plaintiffs' damages, it does not under the facts and circumstances of this case. Plaintiffs filed a properly supported Statement of Material Facts that, among other things, stated they are owed $1,011,506.99 plus additional interest accruing from December 31, 2008.  Because Defendant did not file a responsive statement of material facts as required by N.D.N.Y.L.R. 7.1(a)(3), the facts asserted in Defendants' Statement of Material Facts are deemed admitted.  This includes Plaintiffs' statement as to damages.